**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4043**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EDWARD ABELL, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00219-CCE-1)

Submitted:  August 30, 2018                    Decided:  September 11, 2018

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Edward Abell, III, pled guilty to receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). The district court imposed a 262-month sentence. Abell appeals his sentence, arguing that the district court erred in applying the two-level enhancement for "knowingly engag[ing] in distribution" under U.S. Sentencing Guidelines Manual (USSG) § 2G2.2(b)(3)(F) (2016), and declining to reduce his offense level by two under USSG § 2G2.2(b)(1), which applies if the conduct was limited to receipt or solicitation of child pornography and the defendant did not intend to distribute such materials. We affirm.

Under USSG § 2G2.2(b)(3)(F), a defendant's offense level is to be increased by two levels for knowingly engaging in distribution of child pornography that is not to minors and is not for money or other things of value. The term "distribution" is broadly defined to include "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2 cmt. n.1. This court has held that "use of a peer-to-peer file-sharing program constitutes 'distribution' for the purposes of [USSG] § 2G2.2(b)(3)(F)." *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009). Thus, "[w]hen knowingly using a file-sharing program that allows others to access child pornography files, a defendant commits an act 'related to the transfer of material involving the sexual exploitation of a minor.'" *Id.* (quoting USSG § 2G2.2 cmt. n.1).

Abell contends that he decreased the speed by which he downloaded the child pornography files, deleted the files from his download folder, and took other measures to

2

reduce the possibility that files would be shared from his computer. Therefore, he reasons, he did not knowingly distribute child pornography. However, the Government presented evidence that Abell left downloaded child pornography files in his download folder for a period of at least three days, during which time those files were available for others to upload. Additionally, during the investigation, the special agent was able to download 56 images and 3 videos containing child pornography from Abell's computer. The district court acknowledged that Abell attempted to limit the sharing of files from his computer and "may not have fully understood the extent to which things could be shared." However, the court found that Abell "understood how the software worked generally and agreed to share files that he had on his system and left files there available to be shared and that that was knowing."

Because Abell knowingly permitted others to access and retrieve child pornography files in his possession, the district court appropriately determined that Abell "knowingly engaged in distribution" of child pornography. *See Layton*, 564 F.3d at 335; *see also United States v. Abbring*, 788 F.3d 565, 567-68 (6th Cir. 2015) (upholding enhancement despite defendant's attempts to avoid file sharing, stating, "it makes no difference to whether he planned to engage in 'distribution' under the guidelines; all that matters is the knowing sharing of the files"). We therefore conclude that the district court did not err in applying the two-level enhancement under USSG § 2G2.2(b)(3)(F).

Additionally, having determined that Abell distributed child pornography, the district court appropriately declined to decrease Abell's offense level by two under USSG § 2G2.2(b)(1), which provides for a reduction if "the defendant's conduct was limited to

3

the receipt or solicitation of material involving the sexual exploitation of a minor" and "the defendant did not intend to traffic in, or distribute, such material." USSG § 2G2.2(b)(1).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*